**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**COURT FILE NO.: 15-cv-410**

| | |
|---|---|
| Cheryl Whalen on behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br>v.<br><br>Specialized Loan Servicing LLC,<br><br>           Defendant. | <u>**CLASS ACTION COMPLAINT**</u><br><br><u>**JURY TRIAL DEMANDED**</u> |

## <u>INTRODUCTION</u>

1.   Plaintiff, Cheryl Whalen, individually, and on behalf of all others similarly situated, brings this class action Complaint for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA").

## <u>JURISDICTION</u>

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C § 1331.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

## <u>PARTIES</u>

4.   Plaintiff, Cheryl Whalen (hereinafter "Plaintiff"), is a natural person who resides in the Village of Somerset, County of St. Croix, State of Wisconsin.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5.    Defendant, Specialized Loan Service, LLC ("Defendant SLS"), is a foreign limited liability company in the business of collecting debts; is incorporated under the laws of the State of Delaware; has a principal place of business located at 8742 Lucent Boulevard, Suite 300, Highlands Ranch, Colorado 80129; and its Registered Agent for service of process in the State of Wisconsin is Capitol Corporate Services, Incorporated, located at 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.  Defendant SLS regularly engages in the collection of consumer debts in the District of Wisconsin through the use of mailings and the telephone. Defendant SLS regularly attempts to collect consumer debts alleged to be due another.  Defendant SLS is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS –
## THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF

6.    In May of 2011, Plaintiff filed a Chapter 7 bankruptcy petition in the United States District Court for the District of Wisconsin, case number 11-13259.

7.    In August of 2011, Plaintiff received a Chapter 7 discharge of her debts including her home mortgage loan debt which was being serviced at that time by CLC Consumer Services Co.

8.    On January 15, 2015, Plaintiff received mail correspondence from CLC Consumer Services Co. regarding a Notice of Servicing Transfer.

2

9.      At this time, CLC Consumer Services Co. was put on notice of, and had knowledge

of, Plaintiff's August 2011 Chapter 7 bankruptcy discharge.

10.     On February 18, 2015, Plaintiff received mail correspondence from Defendant SLS

informing her that on February 7, 2015, the servicing of her previously discharged

home mortgage loan debt was transferred from CLC Consumer Services Co. to

Defendant SLS.

11.     At the time of the aforementioned servicing transfer, Defendant SLS was put on notice

of, and had knowledge of, Plaintiff's August 2011 Chapter 7 bankruptcy discharge.

12.     At the time Defendant SLS began to service Plaintiff's home mortgage loan debt, the

loan had already been discharged for almost four (4) full years.

13.     Soon thereafter, on February 19, 2015, Plaintiff received mail correspondence in the

form of a dunning letter from Defendant SLS attempting to collect on her previously

discharged home mortgage loan debt and stating, among other things,

> The amount of the debt as of 01/29/15 is $27,752.06.  For informational
> purposes, this amount is comprised of the following: unpaid principal
> of $27,752.06, deferred principal of $0.00, deferred interest of $0.00,
> uncollected interest of $0.00, escrow balance/advances of $0.00, and
> outstanding fees of $0.00.  Please note that the amount of the debt does
> not include any fees or interest that may accrue after the date of this
> letter.  The Current Creditor (listed above) is the party to whom the debt
> is owed.

14.     Then, on March 13, 2015, Plaintiff received mail correspondence in the form of a

dunning letter from Defendant SLS attempting to collect, yet again, on the

aforementioned home mortgage loan debt that Plaintiff had discharged in her Chapter

7 bankruptcy.  This mailing stated, among other things,

3

> According to our records, your mortgage loan is in serious default and the foreclosure process may be imminent. If you have the desire to keep your home, our goal is to assist you in trying to make that happen. Specialized Loan Servicing LLC ("SLS") is prepared to discuss alternative repayment plans that may be available regarding your delinquent loan. Other plans may include the Home Affordable Modification Program ("HAMP"), the Home Affordable Foreclosure Alternatives short sale or deed-in-lieu of foreclosure program ("HAFA"), or SLS proprietary modification, short sale or deed-in-lieu of foreclosure programs. We understand that discussing this sensitive situation may be difficult for you, but we want you to know that we are here to listen and will try to help.

15.    Defendant SLS's first involvement with Plaintiff's home mortgage loan debt occurred after Plaintiff received her Chapter 7 bankruptcy discharge.

16.    Defendant SLS was neither the original lender nor the servicer of Plaintiff's home mortgage loan debt before the debt's default.

17.    Defendant SLS, through its multiple mailings, falsely represented the character, amount, and legal status of Plaintiff's debt, in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e generally.

18.    Defendant SLS, through its multiple mailings, attempted to collect a debt from Plaintiff that had been previously discharged in bankruptcy, in violation of 15 U.S.C. §§ 1692f(1) and 1692f generally.

19.    Defendant SLS knew or should have known that it could not collect the debt it sought to collect from Plaintiff because it had been discharged in bankruptcy.

20.    Moreover, Defendant SLS has previously been sued for similar violations of the FDCPA. *Lara v. Specialized Loan Servicing, LLC*, 2013 WL 4768004 (S.D. Fla. Sept.

6, 2013) (holding that letters sent from SLS to Plaintiff misrepresented the legal status of Plaintiff's debt and attempted to collect an amount not permitted by law).

21.     As a result of Defendants' violations, Plaintiff is entitled to actual damages, statutory damages, costs, and attorney's fees.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action individually and as a Class action.

23.     Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify the following class (hereinafter the "Class"):

> *All (1) consumers (2) about whom (3) Defendant SLS (4) mailed dunning letters to (5) after the consumers who are the subjects of the letters discharged their debts in bankruptcy (6) within one year preceding the filing of this Class Action Complaint in United States District Court.*

24.     The Class shall be subject to the following exclusions, who are not members of the Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendant SLS, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

25.     The Class meets all factors in Rule 23(a-b) for class certification.

### *Rule 23(a) Requirements*

### *Numerosity*

26.     The dunning letters at issue have the design and composition of a mass mailing targeting large numbers of consumers.

5

27.    Upon information and belief, Defendant SLS targeted a large number of consumers with letters and mailings similar to, or the same as, the dunning letters Plaintiff received.

28.    Upon information and belief, Defendant SLS mailed dunning letters to numerous consumers who had previously discharged their debts through bankruptcy thereby using unfair and misleading means to attempt to collect on debts, the legal status of which it falsely represented.

29.    It is plausible that Defendant SLS mailed dunning letters to a large number of consumers such that joinder of all in this lawsuit would be impracticable. Upon information and belief, the estimated number of Class members if in excess of 100.

### *Commonality*

30.    All members of the Class had their rights violated in the same manner by the same actions of Defendant SLS.

31.    Common evidence, in particular (1) the communications in CLC Consumer Services Co.'s portfolio that were transferred, sold, or assigned to Defendant SLS, (2) the form letters that Defendant SLS mailed to consumers, (3) Defendant SLS's mailing lists, and (4) Defendant SLS's records identifying the specific individuals who received dunning letters despite previously discharging their debts through bankruptcy, will drive resolution of the claims of all Class members.

32. Statutory relief under the FDCPA is directed based on the common conduct of Defendant SLS, i.e. the extent to which its actions constituted reckless disregard of consumers' rights under the FDCPA, and not the subjective, individual experiences of members of the Class.

### *Typicality*

33. Plaintiff has the same claims to statutory relief as all other members of the Class.

34. Any defenses that Defendant SLS may have to liability or quantum of damages with respect to Plaintiff's claims would be generally applicable to all members of the Class.

### *Adequacy*

35. Plaintiff brings this lawsuit after an extensive investigation of Defendant SLS's alleged misconduct.

36. Plaintiff brings this lawsuit with the intention to stop Defendant's unlawful practices and recover statutory penalties for all consumers affected.

37. Plaintiff will continue to vigorously pursue relief for the Class.

38. Plaintiff's counsel, the Consumer Justice Center, P.A. and Lyons Law Firm, have been certified as class counsel in dozens of class actions enforcing consumer rights laws in this District and others.

39. Plaintiff's counsel, the Consumer Justice Center, P.A. and Lyons Law Firm, devotes a substantial part of their practice to enforcing important but often ignored consumer protections, like consumers' rights under the FDCPA.

40.     Plaintiff's counsel is committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf the Class

### Rule 23(b)(3)

### Predominance/Superiority

### Predominance

41.     Statutory relief under the FDCPA follows from evidence of Defendant SLS's state of mind and not the subjective experience of any one complainant.

42.     Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the Class.

### Superiority

43.     Plaintiff and Plaintiff's counsel are not aware of any other pending actions against Defendant SLS related to its unlawful attempts to collect on consumer debts which have been discharged through bankruptcy.

44.     Members of the Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay and uncertainty of recovery after prosecuting this lawsuit.

45.     Upon information and belief, few members of the Class are aware that Defendant SLS's actions and mailings were unlawful.

46.     The class notice mechanism provides an opportunity for uninformed members of the Class to learn about their rights and obtain relief where otherwise there would be none.

8

## TRIAL BY JURY

47.     Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. VII.; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 *et seq*.

48.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.     The foregoing acts and omission of Defendant SLS constitute numerous and multiple violations of the FDCPA as outlined above.

50.     Defendant SLS falsely represented the character, amount, and legal status of Plaintiff's home mortgage loan debt that was previously discharged through a Chapter 7 bankruptcy, in violation of 15 U.S.C. § 1692e(2)(A).

51.     Defendant SLS used unfair and unconscionable means to attempt to collect a debt in an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

52.     As a result of Defendant SLS's violations of the FDCPA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(B) and § 1692k(a)(3)).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an order certifying this matter as a class action pursuant to Fed. R. Civ. P. 23(a-b);
- an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
- an award of statutory damages for the Class members for such amount for each named plaintiff as could be recovered under 15 U.S.C. § 1692k(a)(2)(A) pursuant to 15 U.S.C. § 1692k(a)(2)(B);
- an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- for such other and further relief as may be just and proper.

Dated this 30th day of June, 2015.

> By: s/Thomas J. Lyons, Jr.
> Thomas J. Lyons, Jr., Esq.
> Minnesota Attorney I.D. #: 249646
> **CONSUMER JUSTICE CENTER, P.A.**
> 367 Commerce Court
> Vadnais Heights, MN 55127
> Telephone: (651) 770-9707
> Facsimile:  (651) 704-0907
> Email:  tommycjc@aol.com
>
> Thomas J. Lyons, Sr., Esq.
> Wis. Attorney Lic. No. 1019127
> **LYONS LAW FIRM, P.A.**
> 367 Commerce Court
> Vadnais Heights, MN 55127
> Telephone: (651) 770-9707
> Facsimile:  (651) 704-0907
> Email: tlyons@lyonslawfirm.com
>
> Eric L. Crandall, Esq.
> Wis. Attorney Lic. No. 1001833
> **CRANDALL LAW OFFICES, SC**
> 1237 Knowles Avenue North
> PO Box 27
> New Richmond, WI 54017
> Telephone: (715) 246-1010
> Email: consumerlaw@frontiernet.net
>
> *ATTORNEYS FOR PLAINTIFF*

10