IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHERYL WHALEN,
on behalf of herself and all others
similarly situated,

                                       OPINION AND ORDER

                Plaintiff,

                                       15-cv-410-bbc

    v.

SPECIALIZED LOAN SERVICING, LLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Specialized Loan Servicing, LLC, serviced a second mortgage on plaintiff Cheryl Whalen's home before a foreclosure in 2015. In this proposed class action, plaintiff contends that defendant violated the Fair Debt Collection Practices Act by sending her three documents related to the mortgage debt, which she had discharged in bankruptcy. In particular, plaintiff says that the documents were "false, deceptive or misleading" in violation of 15 U.S.C. § 1692e and "unfair or unconscionable" in violation of § 1692f. Defendant has filed a motion to dismiss with respect to two of those documents, arguing that it did not violate § 1692e or § 1692f because the documents were not made in connection with the collection of a debt and they were neither "false, deceptive or misleading" nor "unfair or unconscionable." Dkt. #21.

       Plaintiff does not respond meaningfully to defendant's argument that the documents

1

were not unfair or unconscionable within the meaning § 1692f.  Todd v. Collecto, Inc., 731 F.3d 734, 739-40 (7th Cir. 2013) ("Asking a consumer to pay a debt discharged in bankruptcy . . . is not unfair or unconscionable within the meaning of § 1692f."). Accordingly, I am granting defendant's motion as to plaintiff's claim under § 1692f.  In addition, I agree with defendant that its February 19, 2015 letter was not sent in connection with the collection of a debt, so the protections of the Fair Debt Collection Practices Act do not apply.  However, I am denying defendant's motion to dismiss with respect to plaintiff's claim that the March 13, 2015 letter violated § 1692e because she has alleged adequately both that the letter was sent in the connection with the collection of a debt and that the letter was false, deceptive or misleading.

## THE LETTERS AT ISSUE

Plaintiff attached the letters at issue to her complaint, so I may review the content of the letters in deciding defendant's motion to dismiss.  Fed. R. Civ. P. 10(c); Bogie v. Rosenberg, 705 F.3d 603, 608-09 (7th Cir. 2013).  In the letter to plaintiff dated February 19, 2015, defendant wrote the following:

> The amount of the debt as of 1/29/15 is $27,752.06.  For informational purposes, this amount is comprised of the following: unpaid principal of $0.00, deferred interest of $0.00, uncollected interest of $0.00, escrow balance/advances of $0.00, and outstanding fees of $0.00.  Please note that the amount of the debt does not include any fees or interest that may accrue after the date of this letter.
>
> The Current Creditor . . . is the party to whom the debt is owed.
>
> Unless you, within thirty days after receipt of this notice, dispute the validity

of the debt, or any portion thereof, the debt will be assumed to be valid . . . .

* * *

SPECIALIZED LOAN SERVICING LLC ("SLS") IS REQUIRED BY LAW TO INFORM YOU THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN A BANKRUPTCY PROCEEDING OR HAVE RECEIVED A BANKRUPTCY DISCHARGE OF THE HOME LOAN DEBT REFERENCED ABOVE, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY. IT SHOULD NOT BE CONSTRUED AS AN ATTEMPT TO COLLECT AGAINST YOU PERSONALLY. IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE THIS NOTICE TO YOUR ATTORNEY.

BANKRUPTCY NOTICE – IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, PLEASE BE ADVISED THAT THIS NOTICE IS SENT TO COMPLY WITH THE REQUIREMENTS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"). THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT IS BEING SENT TO YOU AS A THE LIEN AGAINST THE COLLATERAL PROPERTY HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY. IF YOU HAVE QUESTIONS, PLEASE CONTACT US.

In the letter to plaintiff dated March 13, 2015, defendant included the following information:

According to our records, your mortgage is in serious default and the foreclosure process may be imminent. If you have the desire to keep your home, our goal is to assist you in trying to make that happen. Specialized Loan Servicing LLC ("SLS") is prepared to discuss alternative repayment plans that may be available regarding your delinquent loan . . . .

Enclosed you will find a request for financial information. This completed

form will help SLS determine if you are eligible for one of our alternative payment plans. Your accurate and prompt response to this request is an essential first step on your way towards avoiding possible further action.

* * *

Specialized Loan Servicing LLC is required by law to inform you that this communication is from a debt collector. However, the purpose of this communication is to offer you loss mitigation assistance that may help you bring or keep your loan current through affordable payments. If you are currently in bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

BANKRUPTCY NOTICE – IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY. IF YOU HAVE QUESTIONS, PLEASE CONTACT US AT 1- 800-306-6057.

OPINION

Under the Fair Debt Collection Practices Act, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Defendant does not deny that it is a "debt collector" within

the meaning of § 1692e. Instead, defendant identifies two other reasons why it believes that its February 19, 2015 and March 13, 2015 letters do not violate § 1692e. First, defendant says that neither letter was sent "in connection with the collection of any debt." Second, defendant says that nothing in the letters was "false, deceptive or misleading." I will consider both of these arguments in turn.

### A. In Connection with the Collection of Any Debt

1. Relevant case law

The parties cite dueling cases in support of their arguments whether the February 19 and March 13 letters were sent in connection with the collection of a debt. Defendant relies primarily on Bailey v. Security National Servicing Corp., 154 F.3d 384, 388-89 (7th Cir. 1998); plaintiff relies on Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010).

In Bailey, 154 F.3d at 386, the plaintiffs' mortgage loan servicer sent them a letter that included the following language: "We wish to work with you on the resolution of your delinquency and will allow you to continue to make the payments remaining under this agreement. However, sending less than the forbearance payment amount and late payment of your monthly installment may render this agreement null and void requiring immediate payment in full of all sums due under the terms of your Note." In concluding that the letter was not covered by the Act, the court stated that the defendant did not make a demand for payment in the letter, "but merely inform[ed] the [plaintiffs] about 'the current status' of their account"; the due dates listed in the letter were all prospective; no payments were past

due at the time; and a "warning that something bad might happen if payment is not kept current is not a dun, nor does it seek to collect any debt." Id. at 388-89.

In Gburek, 614 F.3d 380, the court considered whether two different letters were covered by the Act. The first letter was sent by the defendant, who was servicing the plaintiff's mortgage loan, which was in default. Id. at 386. The defendant offered to discuss "foreclosure alternatives" with the plaintiff and asked her for financial information in order to initiate that process. Id. The second letter was sent by "a firm that partners with mortgage-loan servicers like [the defendant] and attempts to facilitate communication between servicers and homeowners on the brink of foreclosure." Id. at 383. The letter stated, "Your Servicer has requested our company, Titanium Solutions Inc., to contact you because of certain payment arrearages on your Loan. It is our task to work together with you and your Servicer to find a way, if possible, for you to keep your home and to avoid continuing arrearages, which may lead to foreclosure." Id. The court concluded that both letters were sent in connection with the collection of a debt, relying on two facts: (1) the plaintiff's mortgage was in default; and (2) "the text of the letters indicate they were sent to induce her to settle her mortgage-loan debt in order to avoid foreclosure." Id. at 382.

As is evidenced by the parties' arguments in their briefs, there is some tension between the reasoning in Gburek and Bailey. In Bailey, 154 F.3d at 388-89, the court suggested that a threat of adverse consequences if payments are not received is not covered by the Act. However, in Gburek, 614 F.3d 380, the court stated repeatedly that a central question is whether the letter could be construed reasonably as an attempt to induce a

6

payment. Id. at 385 (communication is covered if "point" of communication was to "induce the debtor to be more receptive to his entreaties regarding the debt") (internal quotations omitted); id. at 386 ("[A]n offer to discuss . . . repayment options . . . qualifies as a communication in connection with an attempt to collect a debt."); id. ("[T[he purpose of the letter was to encourage Gburek to contact Litton to discuss debt-settlement options," so it is a "communication[] made to induce the debtor to settle a debt."). The particular method of inducing payment in Gburek was noting the possibility of foreclosure if the plaintiff did not make payments. Id. (letter covered by Act encouraged plaintiff to "evaluat[e] her foreclosure alternatives").

In Gburek, 614 F.3d at 384-85, the court included the following statement about Bailey: "Bailey . . . suggests some limits on the reach of the FDCPA, making it clear that the statute does not apply to every communication between a debt collector and a debtor. The case does not, however, establish a categorical rule that only an explicit demand for payment will qualify as a communication made in connection with the collection of a debt." However, in Gburek, the court did not discuss Bailey when it concluded that a request to discuss "foreclosure alternatives" qualified as a "representation or means in connection with the collection of any debt." Since Gburek, the court of appeals has not decided any new cases in which it interpreted or applied that language from § 1692e.

Although Bailey and Gburek leave some uncertainty regarding the placement of the line between an account status update and an attempt to induce a payment, I conclude that the February 19 letter falls closer to Bailey and the March 13 letter is controlled by Gburek.

2. February 19 letter

The February 19 letter does not include a request for payment or a threat of adverse consequences. Further, plaintiff does not respond to defendant's argument that its only purpose in sending the February 19 letter was to comply with notice requirements in 15 U.S.C. § 1692g(a). However, plaintiff says that the February 19 letter was sent in connection with the collection of a debt because the letter: (1) states that a "debt is owed"; (2) identifies the amount owed; and (3) states that fees or interest may accrue.

Plaintiff fails to explain why Gburek or any other case supports a view that the cited information is more consistent with an attempt to collect a debt than an account status update. Shelley v. Ocwen Loan Servicing, LLC, No. 1:13-CV-506-RLY-DKL, 2013 WL 4584649, at *7 (S.D. Ind. Aug. 28, 2013) (Gburek did not apply to letter that included "the principal amount of the loan and . . . a prior date for payment due" because letter "neither mentioned foreclosure or delinquency of the debt, nor discussed any repayment options for the debt"; letter was "mo[re] similar to the communications in . . . Bailey"). Even if I assume that the information plaintiff cites could lead to a conclusion under some circumstances that defendant was seeking to collect a debt, plaintiff ignores the disclaimer in the letter for consumers who have received a discharge of their debt in bankruptcy court. That disclaimer stated the following in bold, capital letters: "If you . . . have received a bankruptcy discharge of the home loan debt referenced above, this notice is for informational purposes only. It should not be construed as an attempt to collect against you personally." In the following paragraph, the letter repeated similar language that "this notice constitutes neither a demand

8

for payment nor a notice of personal liability" with respect to anyone who received a bankruptcy discharge.

Although defendant relies on the disclaimer in its opening brief, plaintiff fails to make an argument that the disclaimer is insufficient to provide notice that defendant was not using the letter to attempt to induce a debt. Because I see no language in the letter that would lead plaintiff to doubt that the bankruptcy disclaimer applied to her, I am granting defendant's motion to dismiss with respect to the February 19, 2015 letter.

3. March 13 letter

I conclude that Gburek is controlling with respect to the March 13 letter, at least at the pleading stage. The March 13 letter informed plaintiff that her "mortgage loan is in serious default and the foreclosure process may be imminent." Defendant offered to "discuss alternative payment plans" with plaintiff if she wants to "keep [her] home."

Defendant says that § 1692e does not apply because the March 13 letter simply was an attempt to enforce a security interest, but that argument was rejected in Gburek. Dore v. Five Lakes Agency, Inc., No. 14 CV 6515, 2015 WL 4113203, at *3 (N.D. Ill. July 8, 2015) ("Five Lakes argues that the [Fair Debt Collection Practices Act] doesn't apply because its communications concerned 'the enforcement of a security interest' rather than 'the collection of any debt' . . . . That argument is foreclosed by Gburek."). Although Bailey and Gburek may point in different directions on the question whether a threat of adverse consequences for nonpayment qualifies as a communication in connection with the

9

collection of a debt, Gburek is more instructive because that case also involved a threat of foreclosure. Because defendant does not identify any way that the language in the March 13 letter can be distinguished from the language at issue in Gburek, I conclude that defendant is not entitled to dismissal of this claim on the ground that the letter was not sent in connection with the collection of a debt.

The only difference between this case and Gburek is that plaintiff's debt had been discharged in bankruptcy and the March 13 letter includes a bankruptcy disclaimer similar to the one in the February 19 letter. However, nothing in the disclaimer undermines the previous statements in the letter that foreclosure may be imminent if plaintiff does not enter into a payment plan with defendant. In other words, defendant's representation in the disclaimer that the letter was not a demand for payment means little when at the same time defendant was telling plaintiff that she risked foreclosure if she did not pay up. Under those circumstances, the disclaimer did not necessarily detract from an interpretation that the letter was an attempt to induce plaintiff to make a payment. In re Lemieux, 520 B.R. 361, 367 (Bankr. D. Mass. 2014) (bankruptcy disclaimer not dispositive when "the balance of the [letter] sends a message that is at odds with the disclaimer").

Defendant makes other arguments regarding the March 13 letter, but I am not persuaded that they require dismissal. First, defendant makes a lengthy argument that it was entitled under the bankruptcy code to enforce its security interest in plaintiff's home even if the underlying debt was discharged. Dft.'s Br., dkt. #22, at 11-15. That argument is a red herring because the question in this case is not whether defendant violated the discharge

injunction by sending the letters at issue. Section 1692e does not prohibit creditors from collecting a debt; it prohibits them from using "false, deceptive or misleading" methods when making representations in connection with the collection of a debt. Because defendant does not argue that the bankruptcy code gave it the right to enforce its security interest in a way that is false, deceptive or misleading, there is no risk that a ruling in favor of plaintiff will undermine defendant's rights under the bankruptcy code.

To the extent that defendant means to argue that enforcing a security interest does not qualify as an attempt to collect a debt under the bankruptcy code, defendant cites no authority for the view that the meaning of § 1692e should be governed by the bankruptcy code. Again, Gburek foreclosed any argument that an attempt to enforce a security interest is outside the scope of § 1692e. Further, the bankruptcy code and § 1692e use different language, so I see no reason to interpret them the same way. In particular, a bankruptcy discharge injunction applies to "an act to collect [a] debt," 11 U.S.C. § 524(a)(3), but § 1692e applies more broadly to a representation made "in connection" with a debt collection. LeDoux v. JP Morgan Chase, N.A., No. 12-CV-260-JL, 2012 WL 5874314, at *8 (D.N.H. Nov. 20, 2012) ("The relevant inquiry is not whether the . . . letters attempted to collect the debt or to enforce a security interest—as defendants frame the issue—but whether they were made 'in connection with' the collection of a debt."). See also Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir. 2011) ("[A] letter that is not itself a collection attempt, but that aims to make . . . such an attempt more likely to succeed, is one that has the requisite connection.").

Finally, defendant argues that the language it used in the March 13 letter is consistent with language that is required by the Consumer Financial Protection Bureau in 12 C.F.R. § 1024.39.  This is another red herring, for similar reasons.  A finding that a letter was sent "in connection with the collection of any debt" is not a finding that the defendant violated the law.  Rather, it is simply a prerequisite to a determination that the protections of the Fair Debt Collection Practices Act apply.  Again, even if a letter is sent as part of an attempt to collect a debt, there is no liability under § 1692e unless the plaintiff proves that the letter was false, deceptive or misleading.  Thus, even if I assume that defendant's language was permitted or required under federal regulations, that assumption has no bearing on the question whether the language was "in connection with the collection of any debt" within the meaning of § 1692e.  I will consider in the next section whether § 1024.39 has any effect on the question whether a letter is "false, deceptive or misleading."

### B.  False, Deceptive or Misleading

Because I have concluded that defendant's February 19, 2015 letter was not sent in connection with the collection of a debt, I limit the analysis in this section to the March 13, 2015 letter.  In arguing that the March 13 letter violated § 1692e, plaintiff points to statements that defendant would take "further action" if plaintiff did not respond and that plaintiff could prevent foreclosure of her home by making additional payments to defendant.  These statements were false, deceptive or misleading, plaintiff says, in light of a number of facts: (1) judgment had been entered in favor of the owner of the first mortgage in August

2014; (2) although the owner of the second mortgage (which defendant was servicing) had received notice of the foreclosure action and was named a defendant, it did not participate in the proceedings, even though the owner of the first mortgage sought to terminate the second mortgage; (3) on February 10, 2015, the property was sold in an amount equal to that owed to the owner of the first mortgage, leaving nothing for the owner of the second mortgage. Am. Cpt. ¶¶ 16-18, dkt. #18. In sum, plaintiff says that defendant knew it did not intend to take any further action or to stop or facilitate a foreclosure, regardless whether plaintiff made additional payments. 15 U.S.C. § 1692e(5) (defining "false, deceptive or misleading" in part as "[t]he threat to take any action . . . that is not intended to be taken").

In its opening brief, defendant says that the March 13 letter was not false, deceptive or misleading because the foreclosure had not been confirmed at the time defendant sent the letter. This argument is not responsive to plaintiff's allegations. Plaintiff's argument is not that defendant misled her by suggesting that the foreclosure was not yet final. Rather, plaintiff alleges that defendant suggested falsely that she could prevent foreclosure or other "further action" by making additional payments, even though defendant had no intention of taking any additional action. Of course, plaintiff will have to prove her allegations at summary judgment or trial, but, at this stage of the proceedings, I must accept her allegations as true. Defendant does not argue that the allegedly false statements did not violate § 1692e because plaintiff would have known just as well as defendant that the foreclosure was a foregone conclusion, so I do not consider that question. Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 757-58 (7th Cir. 2009) (statement does not violate §

1692e—even if it is false, deceptive or misleading—if statement does not affect consumers' ability to "choose intelligently").

In its reply brief, defendant says that it cannot be held liable for sending the March 13 letter because the letter is "virtually identical" to language that is required by the Consumer Financial Protection Bureau in 12 C.F.R. § 1024.39(b). I understand defendant's argument to be that it cannot be held liable for any language that is false, deceptive or misleading if that language was required by § 1024.39. In other words, defendant believes that compliance with § 1024.39 provides a "safe harbor" from liability for violations of § 1692e. Cf. Evory v. RJM Acquisitions Funding LLC, 505 F.3d 769, 775 (7th Cir. 2007) (noting other contexts in which debt collector may avoid violation of Act through use of safe harbor language). This argument fits better here than it did in the previous section, but I conclude that it still cannot carry the day for defendant.

Even if I assume that the language in the March 13 letter was *permitted* under § 1024.39(b), defendant is wrong to argue that it was *required* by § 1024.39 to use the language it did. Under § 1024.39(c), "[n]othing in [§ 1024.39] shall require a servicer to communicate with a borrower in a manner otherwise prohibited by applicable law." Thus, if complying with the notice requirement in § 1024.39(b) would lead defendant to send out a false, deceptive or misleading letter in violation of 15 U.S.C. § 1692e, § 1024.39(c) excuses defendant from complying with the notice requirement.

Defendant resists this conclusion by citing § 1024.39(d):

Exemptions—

14

(1) Borrowers in bankruptcy. A servicer is exempt from the requirements of this section for a mortgage loan while the borrower is a debtor in bankruptcy under Title 11 of the United States Code.

(2) Fair Debt Collections Practices Act. A servicer subject to the Fair Debt Collections Practices Act (FDCPA) (15 U.S.C. 1692 et seq.) with respect to a borrower is exempt from the requirements of this section with regard to a mortgage loan for which the borrower has sent a notification pursuant to FDCPA section 805(c) (15 U.S.C. 1692c(c)).

Defendant interprets § 1024.39(d) as limiting the application of § 1024.39(c) to "borrowers during their bankruptcy proceedings (not post-discharge), as well as borrowers who have sent a written cease and desist demand to the servicer." Dft.'s Br., dkt. #27, at 11. In support of its argument, defendant relies on the canon of statutory construction that, "when both a specific and a general provision govern a situation, the specific one controls." Berkson v. Gulevsky, 362 F.3d 961, 963 (7th Cir. 2004).

Defendant's argument is frivolous. As defendant's own cited case makes clear, the canon of construction applies only "when both a specific and a general provision govern a situation." In this case, § 1024.39(c) governs situations in which applying § 1024.39 would violate another law; § 1024.39(d) governs certain situations even when applying § 1024.39 would not violate another law. Because both provisions can be given full effect without any conflict, there is no need to apply the canon regarding more specific statutory provisions. Defendant cites no authority for the view that the canon can apply to limit an unambiguous provision such as § 1024.39(c), at least in the absence of a conflict between the specific and the general provisions. River Road Hotel Partners, LLC v. Amalgamated Bank, 651 F.3d 642, 652, 651 F.3d 642 (7th Cir. 2011) (when "there is an inescapable conflict between

15

general and specific . . . provisions of a statute, the specific will prevail"). Further, although 15 U.S.C. § 1692k(c) provides a defense to debt collectors who make certain kinds of "bona fide errors," § 1692k(c) does not apply to "a debt collector's mistaken interpretation of the legal requirements of the FDCPA." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 576 (2010). Accordingly, I conclude that defendant is not entitled to dismissal of plaintiff's claim that defendant's March 13, 2015 letter violated § 1692e.

ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendant Specialized Loan Servicing, LLC, dkt. #21, is GRANTED with respect to the following claims:

(a) defendant's February 19, 2015 and March 13, 2015 letters violated 15 U.S.C. § 1692f;

(b) defendant's February 19, 2015 letter violated 15 U.S.C. § 1692e.

2. Defendant's motion to dismiss is DENIED with respect to the claim that defendant's March 13, 2015 letter violated 15 U.S.C. § 1692e.

Entered this 11th day of January, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge